Shirley O. Harris Executive Director Department of Personnel 1313 Sherman Street Denver, Colorado 80203 October 15, 1991
Dear Ms. Harris:
This opinion responds to your July 5, 1991 inquiry about awarding Public Employees Retirement Association (hereafter, "PERA") retirement service credit. You have noted an apparent conflict between the definition of "full-time" employment set forth in the State Personnel Rules and that set forth in the PERA Rules. This "apparent conflict" has led to confusion regarding service credit awards to classified State employees who work 20 hours per week for the full calendar year.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Do two conflicting definitions of "full-time employment" exist — one for Personnel System purposes and one for calculating PERA service credit?
No.
2. How much service credit for retirement should be awarded to a classified employee who works in a 20-hour per week position for a full calendar year?
One-half year service credit.
ANALYSIS
1. PERA was created to provide certain benefits and programs for its members. See §§ 24-51-101 through 24-51-1401, C.R.S. (1988 1990 Supp.). Certain benefits become "vested" upon the accumulation of five years service credit.See § 24-51-101(51), C.R.S. (1988). Service credit is earned as prescribed by § 24-51-501, C.R.S. (1988), and according to subsection (2) of that statute, "[o]ne year of service credit is earned for one year of full-timeemployment, at full salary . . . ." (Emphasis added).
The issue here concerns how to determine what "full-time employment" means. State Personnel Rule 9-3-5 designates as full-time only those employees "in full-time positions scheduled to work 2080 hours for a full year." See 4 CCR 801-1, at 100 (4-86) PERA Rule 5.10(A)(2) states, however, that "an employee who works all the hours available for a positionmay be considered a full-time employee if the position requires an average of at least 80 hours per month, for at least eight months per year" (emphasis added). See8 CCR 1502-1, at 23 (8-91).
Initially, it should be noted that the above-cited rules are not inconsistent. The language of the PERA provision is permissive in nature and must be read in conjunction with PERA Rule 5.10(A)(1), which states "the employer shall determine the workpattern or pay rate required for the position to beconsidered full-time" (emphasis added). See8 CCR 1502-1, at 23 (8-91). The State of Colorado is but one of a number of employers whose employees are eligible for PERA membership. See §§ 24-51-201(2), C.R.S. (1988) (PERA comprised of four divisions: state division; school division; municipal division; and judicial division); §24-51-309, C.R.S. (1988) (any political subdivision of state, or agency thereof, may apply for PERA affiliation). The State has, through its fiscal rules, determined that "full-time State employees" are those who work a minimum of forty (40) hours (including holiday and leave time) within the established workweek of 168 consecutive hours. See State Fiscal Rules §§ 1.11, 1.21, 1.41, found at 1 CCR 101-2, at 2, 5, 10 (5-89). This determination is binding upon the Personnel Department, see § 24-30-202(13)(a), C.R.S. (1988) (controller's fiscal rules "shall be binding
upon the several departments . . . of the State and upon their officers and employees") (emphasis added), and is reflected in Personnel Rule 9-3-5. It is only PERA employers who are not State agencies bound by the State Fiscal Rules who "may" consider another definition of full-time employment under PERA Rule 5.10(A)(2).
In sum, consistent with PERA Rule 5.10(A), and as required by State Fiscal Rules 1.21 1.41, Personnel Rule 9-3-5 appropriately indicates that only employment for 40 hours a week for 52 weeks a year, including vacation and holidays, qualifies as full-time State employment for purposes of awarding full service credit towards PERA retirement under § 24-51-501(2), C.R.S. (1988).
2. Even though state employees who work 20 hours a week for the entire calendar year do not qualify for an award of a full year's worth of service credit, they are entitled to "partial" service credit. "Earned service credit for less than full-time employment for which less than full salary is received, shall be determined by the ratio of actual time worked to full time or the ratio of actual salary received to full salary." § 24-51-501(3), C.R.S. (1988). Using this formula, individuals working, in effect, half-time would be entitled to one half year of service credit for every calendar year they work for the state.
SUMMARY
Full-time classified employment for purpose of calculation PERA service credit is 40 hours per week, 52 weeks per year; an employee who works 20 hours per week gets one-half year of service credit for each calendar year worked.
Sincerely,
 GALE A. NORTON Attorney General
EMPLOYEES, PUBLIC RETIREMENT SYSTEMS EMPLOYMENT
Section 24-30-202(13)(a), C.R.S. (1988) Section 24-51-101 through 24-51-1401, C.R.S. (1988 1990 Supp). Section 24-51-309, C.R.S. (1988) Section 24-51-501, C.R.S. (1988) Section 24-51-501(2), C.R.S. 1988 Section 24-51-501(3), C.R.S. (1988)
1 CCR 101-2, at 2, 5, 10 (5-89)4 CCR 801-1, at 100 (4-86)8 CCR 1502-1, at 23 (8-91)
PERSONAL, DEPT. OF
Full-time classified employment for purpose of calculation PERA service credit is 40 hours per week, 52 weeks per year; an employee who works 20 hours per week gets one-half year of service credit for each calendar year worked.